UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL WHITE,

        Petitioner,

                      CASE NO. 05-CV-72873

v.

                      PAUL D. BORMAN

HUGH WOLFENBARGER,        UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION
## AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### BACKGROUND

Petitioner Paul White has filed an application for the writ of habeas corpus under 28 U.S.C. § 2254. The pleadings and record indicate that Petitioner was charged in Wayne County, Michigan with first-degree murder and possession of a firearm during the commission or attempt to commit a felony (felony firearm). On February 27, 1997, he pleaded guilty to second-degree murder and felony firearm in return for the dismissal of the first-degree murder count. The parties also agreed to a sentence of two years in prison for the felony firearm count and a consecutive term of eighteen to thirty years for the murder conviction. On March 17, 1997, the trial court sentenced Petitioner to two years in prison for the felony firearm conviction, followed by eighteen to thirty years in prison for the murder.

Petitioner alleges that he was unable to appeal his convictions because he lacked discovery documents for over four years from the date of his conviction. On August 28, 2001, he filed a motion for relief from judgment on the grounds that his trial attorney failed to address

the constitutionality of his arrest and also coerced him into pleading guilty. The trial court denied Petitioner's motion. Petitioner then raised the same claims in an application for leave to appeal. The Michigan Court of Appeals denied his application "for lack of merit in the grounds presented." *See People v. White*, No. 256643 (Mich. Ct. App. Oct. 11, 2004). The Michigan Supreme Court denied leave to appeal because Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. White*, 472 Mich. 918; 696 N.W.2d 722 (2005).

Petitioner submitted his habeas petition to the Clerk of this Court on July 20, 2005. The grounds for relief in the supporting brief read:

> I. Petitioner was denied the effective assistance of counsel when defense counsel failed to litigate an outcome-determinative Fourth Amendment violation at trial.
>
> II. Petitioner was denied the assistance of counsel where defense counsel failed to investigate this Petitioner's case, failed to acquire this petitioner's discovery, failed to consult with Petitioner in the pretrial phases, and coerced him at the eleventh hour to plead guilty.

Respondent urges the Court to deny the habeas petition on the grounds that Petitioner failed to comply with the statute of limitations and his claims lack merit or were waived by his guilty plea.

## DISCUSSION

**A.     Statute of Limitations**

    1.     28 U.S.C. § 2244(d)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d). The

limitations period runs from the latest of

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's convictions became final on March 17, 1998, when the one-year deadline for appealing his convictions expired. *See* MICH. CT. R. 7.205(F)(3)(a) (stating that leave to appeal in the Michigan Court of Appeals may not be granted if the application was filed more than twelve months after entry of a final judgment); *see also Wheeler v. Jones*, 226 F.3d 656, 659-60 (6th Cir. 2000) (noting that the petitioner's conviction became final when his ability to file a direct appeal expired). The statute of limitations began to run on the following day, and it expired one year later on March 17, 1999. FED. R. CIV. P. 6(a)

Although the time during which a "properly filed" post-conviction motion in state court is pending may not be counted toward any period of limitation, 28 U.S.C. § 2244(d)(2), Petitioner did not file his motion for relief from judgment until August 28, 2001. The motion had no impact on the statute of limitations, because the limitations period expired before

Petitioner filed the motion.  *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002).  The habeas petition is time-barred, absent equitable tolling.

    2.      Equitable Tolling

The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005).  However, the Sixth Circuit has determined that the statute of limitations is not jurisdictional, *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003). Furthermore, it has held that equitable tolling applies to the one-year limitation period applicable to habeas petitions. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001).  A petitioner who seeks equitable tolling generally "bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace*, 544 U.S. at 418.  In this Circuit, courts must consider and balance the factors set out in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988), "unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009.  The *Andrews v. Orr* factors are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. These factors are not necessarily comprehensive and they are not all relevant in all cases.  Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis.

*Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (citations omitted).

Absence of prejudice is not an independent basis for invoking the doctrine of equitable tolling.  *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).  Petitioner has not alleged that he lacked notice of, or constructive knowledge of, the statute of limitations.

Whether Petitioner has been diligent is questionable. He made a written request to the trial court for discovery materials and transcripts on October 8, 1997, while he still had an opportunity to file a direct appeal. He made a similar request on November 3, 1997. He did not make another request until November of 2000.

Petitioner urges the Court to equitably toll the limitations period due to an impediment in filing his application. He claims that he did not receive a copy of the state court file or the transcripts in his case until March of 2001. An exhibit to the habeas petition supports this allegation. *See* Pet. for Writ of Habeas Corpus, Ex. P.

Petitioner arguably needed the file and transcripts to prepare and raise his claims in state court and here. The Court, therefore, will assume that the lack of the state court file and transcripts served as an impediment to filing the habeas petition until March of 2001 when Petitioner received the items. *See* 28 U.S.C. § 2244(d)(1)(B).

Petitioner filed his motion for relief from judgment less than six months after he received the court file and transcripts, and he filed his habeas petition within two months of the date that the state courts concluded their review of his claims. Under 28 U.S.C. § 2244(d)(1)(B), the habeas petition is timely. The Court will proceed to address the merits of Petitioner's claims, using the following standard of review.

**B.    Standard of Review**

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

5

>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam) (emphasis in original). "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004); 28 U.S.C. § 2254(e)(1).

**C.   Merits of the Arguments**

   1.   The Fourth Amendment and Ineffective Assistance of Counsel

Petitioner alleges that he was denied effective assistance of counsel because his trial attorney failed to litigate an outcome-determinative Fourth Amendment claim. Petitioner's underlying Fourth Amendment claim is barred from review for two reasons. First, Petitioner waived review of the claim when he pleading guilty. *United States v. Broce*, 488 U.S. 563, 569 (1989); *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001). Second, Fourth

Amendment claims are not cognizable on habeas review when, as here, the State has provided an opportunity for full and fair litigation of the claims.  *See Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976).

Sixth Amendment claims based on counsel's failure to move for suppression of evidence under the Fourth Amendment may be raised in a habeas corpus petition.  *Northrop v. Trippett*, 265 F.3d 372, 378 (6th Cir. 2001) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 382-83 (1986)).  To establish ineffective assistance of counsel under the Sixth Amendment, a habeas petitioner must demonstrate that counsel's performance was deficient and that the deficient performance actually prejudiced him.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness."  *Id*. at 688.  The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id*. at 687.

To satisfy the prejudice prong of the *Strickland* test, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence. . . ."  *Kimmelman*, 477 U.S. at 375.

Petitioner alleges that the police barged into his home and arrested him without an arrest warrant, probable cause, or consent.  The Supreme Court has determined that the police must

7

obtain a warrant to enter an individual's home unless there are exigent circumstances or the individual consents to the entry. *See Groh v. Ramirez*, 540 U.S. 551, 564 (2004); *Payton v. New York*, 445 U.S. 573, 590 (1980). The police have probable cause to arrest a suspect if, "at the moment the arrest was made, . . . the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

The trial court determined that the police had consent to enter Petitioner's home and probable cause to arrest him. The state court opined that a motion to challenge Petitioner's arrest and the evidence seized incident to that arrest would have been futile. Therefore, Petitioner suffered no prejudice from defense counsel's failure to raise the issue of Petitioner's arrest.

The preliminary complaint record supports the trial court's conclusions. The record indicates that the police were given Petitioner's name, nickname ("P.J."), home address, telephone number, social security number, and a physical description of him. When the police officers knocked on the door where Petitioner lived, Petitioner answered the door. The officers observed that Petitioner matched the description of the suspect. They advised Petitioner of their intent and were given permission to enter the home. The officers also spoke with Petitioner's mother and advised her of their purpose in being there. Petitioner informed the officers that his friends called him "P.J." He was arrested without incident and conveyed to the police station. *See* Pet. for Writ of Habeas Corpus, Ex. A.

Since the facts indicate that the police had consent to enter Petitioner's home and probable cause to arrest him, Petitioner's Fourth Amendment claim lacks merit. Defense counsel

8

was not ineffective for failing to assert a meritless claim. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). Additionally, the state court's adjudication of Petitioner's claim was not contrary to, or an unreasonable application of, *Strickland* or *Kimmelman.*

      2.      Involuntary Plea and Ineffective Assistance of Counsel

Petitioner's second and final claim is that his attorney failed to investigate his case, failed to acquire discovery materials, and failed to consult him. As a result, the Petitioner alleges that he was unaware of the true nature of the charges against him. Petitioner asserts that his attorney should have defended the case on the ground that the shooting was accidental and that the element of malicious intent was missing. Petitioner also alleges that his attorney coerced him into pleading guilty by telling him that he would receive a life sentence if he did not plead guilty to second-degree murder.

"It has long been settled that a guilty plea is open to attack on the ground that counsel did not provide the defendant with reasonably competent advice." *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998) (quotations and brackets omitted). Furthermore, *Strickland* requires counsel "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. "American Bar Association standards . . . also mandate counsel's duty to investigate all leads relevant to the merits of the case." *Blackburn v. Foltz*, 828 F.2d 1177, 1183 (6th Cir. 1987) (internal citations omitted). Failure to investigate key evidence is inexcusable if the omission was the result of inattention or negligence, not reasoned strategic judgment. *Wiggins v. Smith*, 539 U.S. 510, 526 (2003); *Sims v. Livesay*, 970 F.2d 1575, 1580-81 (6th Cir. 1992).

In guilty plea cases, the "performance" prong of *Strickland* requires showing that

defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The "prejudice" prong requires demonstrating that defense counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59. The petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Petitioner was charged with felony murder because he shot and killed a man during an attempt to rob the man. Malice is an element of felony murder. *People v. Carines*, 460 Mich. 750, 759; 597 N.W.2d 130 (1999). The malice necessary for felony murder is the intent to kill, the intent to do great bodily harm, or the intent to create a high risk of death or great bodily harm, knowing that death or great bodily harm is the likely result of the act. *Id.* Malice may be inferred from the use of a deadly weapon or from evidence that the defendant set in motion a force likely to cause death or great bodily harm. *Id.* An accidental shooting is a defense to felony murder. *See People v. Jones*, 209 Mich. App. 212, 215; 530 N.W.2d 128 (1995).

Petitioner admitted in a statement to the police, which he made after being advised of his constitutional rights, that he approached the victim with the barrel of a gun sticking out of his sweatshirt and pointed at the victim. He claimed that, when he tried to grab the man's food stamps, the man pushed him. Then, in his words, he

> slipped on some ice and brought [his] arm up with the gun in [his] hand. It was pointed in [the victim's] direction and the gun went off by mistake.

(Tr. Aug. 29, 1996, at 10.) Petitioner informed the police that he did not mean to shoot the man. (*Id.* at 11-12.)

Petitioner's first attorney, David Braxton, argued at the preliminary examination that the

felony murder charge should be reduced to second-degree murder, because the gun discharged after Petitioner slipped. The attorney claimed that Petitioner did not point the gun or intentionally shoot the victim. The prosecutor, however, pointed out that Petitioner did not say the gun discharged while he was slipping. Instead, after slipping, Petitioner raised the gun and discharged it. The state district court judge was unpersuaded by defense counsel's argument and bound Petitioner over as charged.

Petitioner's second attorney, Gerald Surowiec, made a similar argument in a motion to quash the information. Mr. Surowiec argued that, according to Petitioner's statement, the shooting was accidental, not malicious. The trial court denied the defense motion on the ground that Petitioner knowingly created a high risk of death or great bodily harm knowing that such risk or great bodily harm was the likely result of his actions.

In addition to Petitioner's statement, which indicated that he set in motion a force that was likely to cause death or great bodily harm, two witnesses indicated that the shooter pulled out a gun, raised the gun, and fired one shot at the victim's head or neck as the victim turned to walk away. The two witnesses claimed that they could identify the shooter if they saw him again. *See* Pet. for Writ of Habeas Corpus, Exs. E - G. The medical expert determined that the cause of death was a single gunshot wound to the head.

The Court concludes that a defense of accidental shooting would not have been a viable defense at trial. Moreover, Petitioner risked being sentenced to life imprisonment without the possibility of parole if he had gone to trial and been convicted of felony murder. *See* MICH. COMP. LAWS § 750.316(1). Given the strength of the evidence against Petitioner, the problems with a defense of accidental shooting, and the risk of incurring a sentence of life imprisonment

had Petitioner gone to trial, defense counsel was not ineffective for advising Petitioner to plead guilty to second-degree murder.

Nor is there any indication in the record that the guilty plea was involuntary. Petitioner stated at the plea that he was satisfied with his attorney, that he was guilty, and that his plea was voluntarily and freely made. (Tr. Feb. 27, 1997, at 5 and 8-9.) At his sentencing, Petitioner once again expressed satisfaction with his attorney; and he stated that he still wished to plead guilty because he was guilty. (Tr. Mar. 17, 1997, at 5-6.) He has not alleged that, but for his attorney's advice, he would have withdrawn his plea and gone to trial. Additionally, his plea was not compelled even if it was "motivated by [his] desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." *Brady v. United States*, 397 U.S. 742, 751 (1970).

Defense counsel's performance was not deficient and did not prejudice Petitioner. The state court's rejection of Petitioner's ineffectiveness claim was not contrary to, or an unreasonable application of, *Strickland* or *Lockhart*.

## CONCLUSION

For all the reasons given above, the application for a writ of habeas corpus is DENIED. The Court declines to grant a certificate of appealability, because reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated:  September 11, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 11, 2006.

        s/Denise Goodine
        Case Manager